Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 556 | DATE | 7/16/2002 |
| CASE TITLE | OXFORD COMMERCIAL FUNDING vs. SDI LE GRAND PUBLISHING INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant SDI LE Grand Publishing, Inc.'s motion to dismiss is hereby granted. This case is dismissed without prejudice for filing in an appropriate district. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TBK | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| OXFORD COMMERCIAL FUNDING, L.L.C., an Illinois Limited Liability Corporation, | ) ) ) ) | | |
| Plaintiff, | ) ) | No. 02 C 0556 | DOCKETED |
| v. | ) ) ) | Judge Ronald Guzman | JUL 1 9 2002 |
| SDI LE GRAND PUBLISHING, INC., a Florida Corporation, | ) ) ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Oxford Commercial Funding ("Oxford"), an Illinois Limited Liability Company with its principal place of business in Illinois, has filed a complaint alleging violation of UCC Section 9-318(3) against Defendant SDI Le Grand Publishing, Inc., a Florida corporation with its sole place of business in Florida. Defendant has moved to dismiss Oxford's complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and for improper venue pursuant to Fed R. Civ. P. 12(b)(3). Because the Court grants Defendant's motion to dismiss for lack of personal jurisdiction, it need not address the merits of the venue issue.

## FACTS

Oxford Commercial Funding, LLC ("Oxford") is an Illinois financial services company. On May 16, 2000 Oxford entered into a Master Factoring Agreement with Audio One International, a/k/a Professional Duplicators, Inc. ("Audio One"), a Florida

1

corporation with its principal place of business in Florida. Under this agreement Oxford received assignment of all of Audio One's accounts receivable for processing and collection. Included in this purchase was an account Audio One had with Defendant, a publishing company that only does business in Florida.

Oxford properly perfected its interest in these account receivables by filing its assignment with the Florida Secretary of State and notifying Defendant of the assignment. Oxford directed Defendant to make payments on the receivable directly to it, and not to Audio One. Communication between Oxford and Defendant consisted only of a few letters and faxes, all initiated by Oxford, and several phone calls. All communications from Oxford originated in its principle place of business in Chicago, Illinois. However, when Defendant began to make payments on its account with Oxford, Oxford directed it to send the money to Missouri. Outside of its response to Oxford's communications, no evidence shows that Defendant has had any other direct business contact with the state of Illinois.

Additionally, after the assignment of Defendant's account to Oxford, Audio One twice made a request to Oxford for additional credit on one of its invoices with Defendant. Oxford and Defendant disagree as to whether Audio One made these requests independently or acting as the agent of Defendant.

Oxford filed its complaint against Defendant on January 23, 2002. In a three part complaint Oxford alleges that Defendant has not paid it the value of its receivables, that this violates Section 9-318(3) of the Uniform Commercial Code, and that Defendant mistakenly paid Audio One, which has subsequently gone out of business, for the receivables.

2

Defendant has challenged this court's exercise of personal jurisdiction. Defendant claims that Oxford cannot show that either general or specific jurisdiction exists here. Defendant also argues that venue in the Northern District of Illinois is improper due to lack of jurisdiction. Oxford counters that jurisdiction is properly asserted under Illinois and federal law.

## DISCUSSION

Defendant raises two primary arguments in support of their motion to dismiss for lack of personal jurisdiction. First, Defendant claims that general personal jurisdiction does not lie against it because Defendant does not do business in Illinois. Second, Defendant argues that specific personal jurisdiction does not lie against it since none of Defendant's allegedly actionable acts took place in Illinois.

**Standard of Review**

The plaintiff carries the burden of establishing a prima facie case for personal jurisdiction. *See Steel Warehouse of Wisc., Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998). A federal court has personal jurisdiction over a litigant only if a state court in the same district would have jurisdiction over the party. *Klump v. Duffus*, 71 F.3d 1368 (7th Cir. 1995). When deciding whether the plaintiff has made the necessary showing, a court can look to affidavits and exhibits submitted by each party. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). Jurisdictional allegations in the complaint are taken as true unless contradicted by the defendant's affidavits or exhibits, and any factual disputes must be resolved in favor of the plaintiff. *See Id.* Illinois courts will assert jurisdiction over a defendant in a diversity action only after the satisfaction of state statutory law, constitutional law, and federal constitutional law. *RAR, Inc. v. Turner Diesel, Ltd.*, 107

F.3d 1272 (7th Cir. 1997). The court may exercise personal jurisdiction over a defendant where the defendant has sufficient minimum contacts with the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 100 S. Ct. 559, 564, 62 L. Ed. 2d 490 (1980); *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316, 66 S. Ct. 154, 156, 90 L. Ed. 95 (1945). Minimum contacts can establish two types of jurisdiction—general or specific. The defendant is subject to general jurisdiction when it is either domiciled in the forum state, *see Euromarket Designs, Inc. v. Crate & Barrel, Ltd.*, 96 F. Supp 2d. 824, 833 (N.D. Ill 2000), or "where the defendant has continuous and systematic general business contacts with the forum. *RAR, Inc.*, 107 F.3d at 1277 *quoting Helicopteros Nacionales de Colum., S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984)(internal quotations omitted).

**A. General Personal Jurisdiction**

"A defendant whose contacts with a state are 'substantial' or 'continuous and systematic' can be haled into court in that state in any action, even if the action is unrelated to those contacts."*Bancroft & Masters, inc. v. Augusta*, 223 F. 3d 1082, 1086 (9th Cir. 2000). Oxford alleges that Defendant is subject to the general jurisdiction of this court because it transacts business in Illinois. Oxford points to the communications between it and Defendant regarding payment of the receivable as proof of business transactions. Oxford claims that in addition to these communications, Defendant used Audio One as its agent to negotiate further credit for its business. Oxford submits the affidavit of Jeffrey T. Reynolds, President and CEO of Oxford, who recites the history of communications between Oxford and Defendant. Oxford also submits copies of the faxes sent from Defendant to Oxford, a letter sent from Defendant to Oxford, and

documentation of the communication between Oxford and Audio One, where Oxford alleges Audio One acted as Defendant's agent.

In response to Oxford's claims, Defendant states that it does not do business in Illinois. Steve Carlson, Vice President for Defendant states under oath that Defendant is a Florida corporation with its principal business in Florida and is not registered to do business nor does business in Illinois. Defendant neither has nor maintains offices, employees or representatives in Illinois. Defendant is not engaged in any intentional or regular business with any person or entity in Illinois, and does not sell or distribute any products or services in Illinois.

We find Oxford's argument insufficient as a matter of law for purposes of establishing general jurisdiction over this defendant. The fact that Defendant has responded to unsolicited letters, faxes and phone calls sent to it by Oxford can be viewed as a minimal level of purposeful action directed toward Illinois. However, this purposeful action was done in response to Oxford's unsolicited communications and solely consisted of responses to these communications. Even taking Oxford's assertion that Defendant solicited a greater expansion of its credit line through Audio One as true, this does not establish general jurisdiction. These solicitations consisted only of two requests, and even when coupled with the earlier communications are not enough to establish "continuous and systematic general business contacts with the forum" *Id.* at 414. It is undisputed that Defendant has never been incorporated in Illinois, manufactured any products in Illinois, maintained an office in Illinois, or employed any employees in Illinois. Hence, there is not enough evidence to support Oxford's assertion that Defendant has general contacts within Illinois. Therefore, general jurisdiction cannot be established over Defendant.

## B. Specific Personal Jurisdiction

Next, Oxford argues that this Court has specific jurisdiction over Defendant. In a federal case, the court's assertion of personal jurisdiction must satisfy the due process requirements familiarly characterized as "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). The court may exercise personal jurisdiction over a defendant where the defendant has sufficient minimum contacts with the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 100 S. Ct. 559, 564, 62 L. Ed. 2d 490 (1980); *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945).

To determine whether specific jurisdiction exists, this Court must decide whether the defendant has "purposefully established minimum contacts within the forum state" and whether those contacts would make personal jurisdiction reasonable and fair under the circumstances. *Burger King v. Rudzewicz*, 471 U.S. 462, 476-77, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). Defendant must have "purposefully availed" itself of the privilege of conducing activities within the forum state, thus invoking the benefits and the protections of its laws such that they should "reasonably anticipate being hailed into court". *Asahi-Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 109, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987). In federal cases the plaintiff must satisfy two elements for specific jurisdiction: (1) the plaintiff must show that the defendant is amenable to service of process; and (2) the plaintiff must establish that haling the defendant into court is consistent with the Fifth Amendment's due process clause. *LFG, LLC v. Zapata Corp.*, 78 F. Supp. 2d 731, 734 (N.D. Ill. 1999) (*citing United States v. De Ortiz*, 910 F. 2d 376, 381-81 (7th Cir. 1990).

6

### 1. Amenability to Service

In additional to establishing minimum contacts with the forum, a defendant must also be amenable to service of process in order to be subject to personal jurisdiction. *See Omni Capitl Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 98 L.Ed. 2d 415, 108 S.Ct. 404 (1987). Federal Rule of Civil Procedure 4(k) provides that service is sufficient to establish personal jurisdiction over the defendant when either such service is provided for by United States statute, or when the defendant could be subjected to the jurisdiction of a court in the forum state through that state long-armed statute. The basis of Oxford's claim is a violation of UCC Section 9-318(3), an Illinois law, not a United States statute. The UCC itself does not provide for service of process, but does empower parties to seek enforcement through state causes of action. 810 Ill. Comp. Stat. Ann. CS 5/1-106(2) (1992). Therefore, Defendant's amenability to service is governed by Illinois' long-arm statute. 735 ILCS 5/2-209(a) (1992). Under the Illinois long-arm statute, a court may exercise jurisdiction over nonresident defendants, "as to any cause of action arising from the doing of any such act [as]: (7) the making or performance of any contract or promise substantially connected with this state." 735 ILCS 5/2-209(a)(1992). Since Oxford, an Illinois corporation, alleges that Defendant has failed to pay it the agreed upon amount for its receivables, this claim falls under this provision of the long-arm statute. Also, the Illinois long-arm statue further states, as of September 7, 1989, an Illinois state "court may also exercise jurisdiction on any other basis now or hereafter permitted" by the federal and state constitutions. 735 ILCS 5/2-209(c)(1992). Since this suit was filed well after that date, the court can also review the jurisdictional issue under Section 2-209(c) of the long-arm statute. *See FMC Corp. v. Varonos*, 892 F.2d 1308, 1311 n. 5 (7th Cir.

7

1990). The Seventh Circuit has held that the Illinois long-arm statute is coextensive with federal due process requirements; if the contacts between the defendants and Illinois are sufficient to satisfy the requirements of due process, then the requirements of both the Illinois long-arm statute and the United States Constitution have been met, and no other inquiry is necessary. *Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir. 1995). Therefore, if jurisdiction is improper under the Illinois or United States Constitutions, then this Court cannot exercise jurisdiction over the Defendant. *See RAR*, 107 F. 3d at 1276.

**2. Due Process**

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1122-23 (W.D. Pa. 1997) sets forth a three part test to determine whether specific jurisdiction over a non-resident defendant satisfies the requirements of the Fourteenth Amendment. (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable. *Id.*

**a. Purposeful Availment**

"The purposeful availment requirement ensures that a nonresident defendant will not be haled into court based upon 'random, fortuitous or attenuated' contacts with the forum state." *Panavision Int'l, L.P. v. Toeppen*, 141 F. 3d 1316, 1320 (9th Cir. 1998). A foreign act is expressly aimed at the forum state "when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Id.*.

8

In this case, Defendant's activities do not demonstrate that it deliberately established minimum contacts with Illinois and purposefully availed itself of the privilege of conducting activities in Illinois under the traditional effects test.

Oxford alleges that Defendant purposefully availed itself to Illinois' jurisdiction because it created an obligation with a resident of a forum state when it responded to Oxford's communications and began sending payments. Oxford notes two particular cases to fortify this allegation: *Heritage House Restaurants, Inc. v. Continental Funding Group, Inc.*, 906 F. 2d 276, 284 (7th Cir. 1990) and *Heller Fin., Inc. v. Summit Bank of Indianapolis*, Case No. 91 C 7576, 1992 WL 178651 (N.D. Ill. July 16, 1992). However, key differences exist between these precedents and the instant case.

In *Heritage House*, the defendant had unilaterally solicited the plaintiff, an Illinois resident, and the court found this solicitation dispositive: "it is the communication from the nonresident to Illinois that forms the basis for jurisdiction, a situation that is under the control of the nonresident defendant, not the Illinois plaintiff." *Heritage House*, 906 F. 2d at 283. In the present case, Oxford controlled the communication. It chose to go to Florida to buy the account receivables and initiate and dictate communication with Defendant, a Florida resident. Therefore, *Heritage House* does not govern the result here.

Oxford also cites *Heller* as support, where the factual basis greatly resembles the present case. 1992 WL 178651. There an Indiana company had its receivables bought by an Illinois corporation. The Indiana company responded to communications from the Illinois company, sent representatives to meet with the Illinois company and mailed payments on the receivables to Illinois. The court found these interactions, especially the

9

delivery of payments to Illinois, enough to establish jurisdiction. *Id.* However, where jurisdiction was found in *Heller*, a key difference prevents the same outcome in this case. In *Heller*, the defendant mailed payments on its receivable to Illinois, where it had also directed all of its communications with the plaintiff. *Id.* But in the present case, Defendant mailed its payments to Missouri, not to Illinois.

Oxford argues that regardless of where the payments were actually sent, Defendant knew through its communications with Oxford that the company it was paying was located in Illinois. Oxford offers no evidentiary support for this statement, and Defendant denies knowing this. Even with substantiation for this statement, the plain fact that Oxford instructed Defendant to mail payments to Missouri prevents the same outcome as in *Heller*. Oxford had control over where the Defendant sent the payments. It chose to have the payments sent elsewhere. The actual transfer of money is the most important part of the transaction between these two parties, and in this case the money was sent to Missouri, not to Illinois.

Oxford also alleges that the solicitation of additional credit by the Defendant through Audio One should establish purposeful availment. But as Defendant notes, since Oxford's complaint does not relate to this transaction, this solicitation could only serve as part of an argument for general jurisdiction. As addressed above, not enough additional business interaction with Illinois exists to find general jurisdiction.

Defendant has not committed enough acts with or in the forum to demonstrate purposeful availment in Illinois.

**b. Arising out of forum-related activities**

The second requirement for personal jurisdiction is that the claim must arise out of the defendant's forum related activities. *Burger King*, 471 U.S. at 472. In this case, Oxford's claims arise out of Defendant's alleged payments to Audio One, a now defunct corporation located in Florida. Oxford alleges that Defendant paid Audio One, instead of properly paying Oxford, in Missouri. Since the activities giving rise to the claim arose out of actions in Florida and inaction in Missouri, the claim does not arise out of Defendant's contacts with the forum.

**c. Reasonableness**

Finally, the Court looks to whether the exercise of jurisdiction would be reasonable in this case. *See Panavision Int'l, L.P.*, F. 3d. at 1320. In *Burger King*, the Supreme Court established the reasonableness test by holding that "where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477. Defendant brings up numerous points in its argument that granting jurisdiction in Illinois is unreasonable. Defendant is a Florida corporation that has its principal place of business in Florida. All communications and transactions with Audio One concerning the receivables at issue occurred in Florida, and the majority of witnesses are therefore in Florida. Further, Defendant argues that Oxford should have expected to litigate in Florida since it reached out to Florida to purchase the receivables from Audio One, also a Florida based corporation. On the other hand, Defendant notes its tenuous connection to Illinois, consisting of obligatory responses to unsolicited communications. Defendant had

established the receivables with another Florida company, and did not expect or intend to become involved with an out of state organization.

Oxford responds by claiming that Illinois has a strong interest in resolving this dispute because it is between an Illinois resident and a non-resident. It argues that Illinois companies should be allowed to pursue their rights in Illinois courts, and doing otherwise would hurt the state's commerce.

Defendant's argument against the reasonableness of Illinois jurisdiction is more compelling. The basis of the claim, the Defendant's alleged payment to Audio One, occurred in Florida, and the original parties to the agreement are Florida residents. The vast majority of witnesses would likely be called in Florida. Moreover, when entering into the original business agreement with Audio One, Defendant had no intention of engaging with an out of state company. In-state companies who have accounts payable with other in-state companies should not be haled into out of state courts when the account is transferred to a resident of another state unless a strong showing of minimum contacts is made. Jurisdiction in Illinois would be unreasonable for Defendant.

## CONCLUSION

For the reasons set forth above Defendant's motion to dismiss is hereby granted. This case is dismissed without prejudice for filing in an appropriate district. This is a final and appealable order.

SO ORDERED                                ENTERED:

*[signature]*
HON. RONALD A. GUZMAN
United States Judge

12